Homer CORNISH, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 0178–92.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 24, 1993.

Charles Freeman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carmen Falls Hunter and Mark Font, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

A jury convicted appellant of involuntary manslaughter and the trial court assessed punishment at confinement for five years, probated. The conviction was affirmed. *Cornish v. State*, No. 11–90–00033–CR (Tex.App. November 21, 1991). We granted appellant's petition for discretionary review to determine whether the court of appeals properly addressed the claim that a black venireperson was impermissibly struck in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

After the jury panel was seated but before the panel was sworn, appellant filed a motion seeking to discharge the entire panel based on *Batson* violations. The trial court requested explanations for preemptory strikes made by the State on four of five black venirepersons. In explaining the reasons for one of the four strikes the prosecutor stated, she "has no children. I prefer to have people with children on my jury." Defense counsel responded:

> And other thing, juror number 42, he struck her because she had no children. And I would like to point out to the Court that there're at least half a dozen jury and court comparison analysis, by looking at the juror information forms, and can you identify those additional jurors that have no children that were non-black that he didn't strike.

The trial court then overruled defense counsel's request to put on evidence of a *Batson* violation. To preserve the record, defense counsel requested permission to submit a bill of exception. The trial court responded, "[t]he cards will speak for themselves." As the court of appeals not-

ed, "[a]ppellant did not offer any evidence or perfect a bill of exception." Slip op. at 5.

An examination of the juror information cards reveals that sixteen venirepersons stated that they had no children. Of these the State peremptorily struck four, four were dismissed by agreement, four more were not reached, while another four served on the jury. Indulging in the presumption that the remaining black on the venire was one of the four, three non-blacks without children actually served on the jury. Two were male, two female, and three were not married while one was.

 Where there is a *Batson* challenge by appellant, there is a "clear error standard of review." *Vargas v. State*, 838 S.W.2d 552, 554 (Tex.Crim.App., 1992); *Hernandez v. New York*, —— U.S. ——, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). An appellate court applies this standard by "reviewing the record, including the voir dire and the racial makeup of the venire, the prosecutor's neutral explanations, and appellant's rebuttal and impeaching evidence." *Vargas*, 838 S.W.2d at 554. Unfortunately, in the instant case, we are left with very little to review given the paucity of the explanation and the trial court's strict reliance on the cards themselves.

 In *Young v. State*, 826 S.W.2d 141 (Tex.Crim.App.1991), we held that while a defendant is not required to request the trial court make a comparison analysis of the reasons given for striking various venirepersons in order to preserve the issue for an appellate determination, such defendant is limited to the evidence in the record to support such analysis. In *Vargas* we faced a situation in which reliance was had on juror information cards which were not before the trial court. We held that these cards could not be used by an appellate court in evaluating a *Batson* claim. *Vargas*, 838 S.W.2d at 556–57. But, in this case, defense counsel specifically referred to the juror information cards for the purposes of a comparison analysis and the trial court replied that, "[t]he cards will speak for themselves."

From this exchange, it is apparent that the parties and the trial judge regarded the juror information cards as a significant part of the evidence upon which a resolution of appellant's *Batson* claim would depend. We have held that evidence which, although not formally introduced is nevertheless treated by the trial court and the parties as if it had been, may be considered on appeal as if admitted. *Heberling v. State*, 834 S.W.2d 350, 356 (Tex.Crim.App. 1992). Therefore, the juror information cards in this case may be considered in evaluating appellant's *Batson* claim.

 The court of appeals review of the evidence and its belief that the trial court's ruling was not erroneous is based, in part, on a review of the record without consideration of the juror information cards. Normally, we defer to the factual findings of the courts of appeals. *Arcila v. State*, 834 S.W.2d 357, 361 (Tex.Crim.App.1992). However, where, as in this case, the court of appeals reviews a case without considering all the relevant evidence, we will remand the case for a new factual determination which takes into account the all such material. Accordingly, we vacate the judgment of the Court of Appeals and remand this cause to that court for reconsideration of appellant's *Batson* claim in a manner not inconsistent with this opinion.