White v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-269-CR

Â Â Â Â Â ROY WHITE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 12,802
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Roy White was convicted of aggravated assault against an employee of the Texas Department
of Criminal Justice-Institutional Division and sentenced to twenty years in prison. See Tex.
Penal Code Ann. Â§ 22.02 (Vernon Supp. 1993). On appeal, he raises one point of error: that
the trial court's ruling in the Batson hearing was clearly erroneous. White argues that the trial
court improperly denied his motion to dismiss the array. See Tex. Code Crim. Proc. Ann. art.
35.261 (Vernon 1989). 
Â Â Â Â Â Â Â Case law regarding Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986),
continues to be developed. The correct standard of review for a Batson hearing is the "clear error
standard." Vargas v. State, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992) (citing Hernandez v.
New York, U.S. , 111 S.Ct. 1859, 1871, 114 L.Ed.2d 395 (1991)). The standard is applied
by reviewing the trial court record including the voir dire, racial makeup of the venire and the
explanations of the prosecutor. The finding of the judge must be supported by the record so that
it is not clearly erroneous. Vargas, 838 S.W.2d at 554. "A finding is 'clearly erroneous' when
although there is evidence to support it, the reviewing court on the entire evidence is left with the
definite and firm conviction that a mistake has been committed." Whitsey v. State, 796 S.W.2d
707, 721 (Tex. Crim. App. 1990) (on rehearing) (citing United States v. United States Gypsum
Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). We find no such error here.
Â Â Â Â Â Â The party raising a Batson challenge must first make a prima facie showing that the opposing
party has made its preemptory strikes with discriminatory purpose.


 Batson, 106 S.Ct. at 1723,
see also Emerson v. State, No. 1139-90, slip op. at 2 (Tex. Crim. App. Feb. 24, 1993); Williams
v. State, 804 S.W.2d 95, 101 (Tex. Crim. App.), cert. denied, 111 S.Ct. 2875, 115 L.Ed.2d 1038
(1991). The burden then shifts, requiring the opposing party to provide non-discriminatory
explanations for its preemptory strikes. The explanations must be clear and reasonably specific
to the veniremember challenged. Whitsey, 796 S.W.2d at 713. The court then decides whether
the party raising the issue has succeeded in sustaining its burden of persuasion; that is, were the
non-discriminatory reasons provided by the opposing party merely pretextual. Id. at 716. The
trial court must adequately preserve both its reasoning and the evidentiary basis for its decision
on the record. Williams, 804 S.W.2d at 101. 
Â Â Â Â Â Â The trial court found that White, who is black, made a prima facie showing of discrimination
by the State when the prosecutor used a preemptory strike against Veniremember Number 21, who
was the only black veniremember. In light of the court's language in Keeton v. State, 724 S.W.2d
58, 65 n.5 (Tex. Crim. App. 1987), a party may not eliminate any potential juror with
discriminatory purpose. 
Â Â Â Â Â Â Â Â The State asked only cursory questions to Veniremember Number 21. White argues that this
lack of examination by the State implicates the holdings in Whitsey and Emerson. This case is
distinguishable from both. In each of those cases, the prosecution failed to ask veniremembers
any questions that would have assisted in determining whether the veniremember did indeed have
those qualities ascribed to him at the later Batson hearing. Each prosecutor offered the explanation
that the veniremember in question was a teacher and that teachers tend to be liberal, but failed to
provide evidence that this generalization applied to the individual in question. In both cases the
Court of Criminal Appeals found this explanation, based on group bias where the group trait is
not shown to apply to the individual veniremember, deficient as a non-discriminatory reason.
Â Â Â Â Â Â In the present case, the State introduced evidence of a non-discriminatory reason for the
strike. The prosecutor offered data from the juror information card as evidence that the
veniremember was a clergyman. See Cornish v. State, 848 S.W.2d 144 (Tex. Crim. App. 1993)
(holding that juror information cards, though not formally introduced into the record, were
nevertheless part of the record on appeal). The prosecutor contended that members of the clergy
tended to be more forgiving and thus less useful to the State. Although the prosecutor did not
directly examine the veniremember on this point, he did offer other evidence that the
characteristics ascribed to the veniremember were sufficiently individualized to show a non-discriminatory motive. An investigator for the District Attorney's office testified at the Batson
hearing that the church where Veniremember Number 21 was employed as associate pastor had,
within that period of employment, declined to prosecute a felony involving theft of $2,000.00 of
the church's money. We hold that direct examination of the veniremember is not absolutely
required if there is other evidence in the record that tends to show the veniremember possesses the
group trait ascribed to him. 
Â Â Â Â Â Â Â Â Â Â Â Â Â The trial court found the evidence of non-discriminatory purpose compelling and amply
supported its reasoning in the record. We hold the court's denial of White's motion to dismiss the
array was not clearly erroneous. White's point is overruled.
Â Â Â Â Â Â We affirm.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed June 2, 1993
Do not publish 



cence charge regarding evidence of extraneous
offenses (including convictions).  One instructed the jury that it could not
consider this evidence for any purpose unless the jury was convinced beyond a
reasonable doubt that James had committed the extraneous offenses.Â  The other
instructed the jury that this evidence should be considered, if at all, only
for evaluating the weight to be given JamesÂs testimony.

Â Â Â Â Â Â Â Â Â  Because the court provided these
instructions to the jury, James cannot show Âa reasonable probability that, but
for counselÂs [failure to request a limiting instruction], the result of the
proceeding would have been different.ÂÂ  See Andrews, 159 S.W.3d at 102
(quoting Strickland v. Wash., 466 U.S. 668, 694, 104 S. Ct. 2052, 2068,
80 L. Ed. 2d 674 (1984)); Rodriguez, 129 S.W.3d at 560-61; Walker v.
State, 4 S.W.3d 98, 106-07 (Tex. App.ÂWaco 1999, pet. refÂd).

Â Â Â Â Â Â Â Â Â  Regarding counselÂs failure to request
an instruction on the lesser-included offense of manslaughter, counsel is not
ineffective in failing to request such an instruction if it is not supported by
the evidence.Â  See Flores v. State, 42 S.W.3d 277, 282 (Tex. App.ÂCorpus Christi 2001, no pet.).

Â Â Â Â Â Â Â Â Â  Under the evidence, no rational trier
of fact could have found that, if James was guilty, he was guilty of only
manslaughter because no rational trier of fact could have concluded that James
acted only recklessly.Â  See Jackson v. State, 115 S.W.3d 326, 330-31 (Tex. App.ÂDallas 2003, no pet.); Ahrens v. State, 43 S.W.3d 630, 635-36 (Tex. App.ÂHouston [1st Dist.] 2001, pet. refÂd).Â  Thus, James would not have been entitled
to an instruction on the lesser-included offense of manslaughter.Â  Id.Â  Accordingly, we cannot say his counsel rendered ineffective assistance by
failing to request such an instruction.Â  See Flores, 42 S.W.3d at 282.Â 
Therefore, we overrule JamesÂs fifth point.

Ineffective AssistanceÂPunishment

Â Â Â Â Â Â Â Â Â  James contends in his sixth point that
he received ineffective assistance of counsel during the punishment phase
because counsel: (1) failed to present mitigating evidence; and (2) applied the
parole law to JamesÂs potential sentence during closing argument.

Â Â Â Â Â Â Â Â Â  A claim that counsel was ineffective
for failing to present mitigating evidence cannot succeed on direct appeal if
the appellant does not identify the particular evidence which counsel failed to
present and if counsel is not given an opportunity to explain his trial
strategy.Â  See Bone, 77 S.W.3d at 834-35.Â  Here, James observes in his
brief only generally that Âa number ofÂ his friends were available to testify,
that his brother and co-defendant John Âcould have been asked some questions
that might have helped humanize [James],Â and that he Âcould have testified
himself with regard to whatever remorse he felt about the complainantÂs death.Â

Â Â Â Â Â Â Â Â Â  Ineffective assistance claims must Âbe
firmly founded in the record.ÂÂ  Id. at 835 (quoting Thompson v. State,
9 S.W.3d 808, 814 (Tex. Crim. App. 1999)).Â  JamesÂs general allegations of
potential mitigating evidence do not satisfy this test. Â See Bone, 77
S.W.3d at 834-35.

Â Â Â Â Â Â Â Â Â  The record reflects that counsel tried
to use the parole law to JamesÂs advantage by encouraging the jury to assess
the minimum punishment of twenty-five years because he would be seventy-two
yearsÂ old on the earliest date at which he would be eligible for parole.[2]Â 
We can only speculate as to the wisdom of this strategy. However, Âthat a trial
strategy does not work does not mean that counsel was ineffective.ÂÂ  See Johnson v. State, 2004 Tex. App. LEXIS 5939 at **14-15
(Tex. App.ÂHouston [1st Dist.] July 1, 2004, pet. refÂd).Â  Accordingly, we
overrule JamesÂs sixth issue.

We affirm the judgment.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed October 12, 2005

Do not publish

[CRPM]

Â 









[1]
Â Â Â Â Â Â Â Â Â  John CooperÂs appeal is docketed
in this Court under cause no. 10-04-00170-CR.





[2]
Â Â Â Â Â Â Â Â Â  James was indicted as an
habitual felon.Â  See Tex. Pen.
Code Ann. Â§ 12.42(d) (Vernon Supp. 2004Â2005).Â  Because this was a 3g
offense, James will not be eligible for parole until he has served one-half of
his sentence.Â  See Tex. Code
Crim. Proc. Ann. arts. 37.07, Â§ 4(a), 42.12, Â§ 3g(a)(1)(A) (Vernon Supp. 2004Â2005).