IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-188-CR




DARNELL ROBERT SMITH,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0925073, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of burglary of a vehicle. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 30.04, 1973 Tex. Gen. Laws 883, 927 (Tex. Penal Code Ann. § 30.04,
since amended). The jury assessed punishment, enhanced by two previous felony convictions,
at imprisonment for thirty-two years.

 On the night of September 3, 1992, a battery, jumper cables, and tools were stolen
from a Ford truck belonging to Alexander Arocha as it sat in the parking lot of Arocha's
employer, Intermedics Orthopedics. Jeffery Russell was waiting in the parking lot for his father,
Bobby Russell, to get off work and saw appellant take the battery from Arocha's truck. The
Russells saw appellant a few minutes later standing beside a beige Oldsmobile in a restaurant
parking lot a short distance from the Intermedics lot. Appellant appeared to be using Arocha's
battery and cables to start the Oldsmobile. After appellant was arrested by a police officer
responding to the burglary report, the other items taken from Arocha's truck were found in the
Oldsmobile.

 In his first point of error, appellant contends the evidence is legally insufficient to
sustain his conviction. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). 
Appellant's argument under this point is an attack on Russell's in-court identification of appellant
as the burglar. Appellant points to testimony that the lighting in the Intermedics parking lot was
not good and to Russell's admission that he did not get a good look at the burglar's face as he
watched the battery being taken. This Court must, however, view the evidence in the light most
favorable to the verdict. It was for the jury to determine the credibility of Russell's identification
of appellant under the circumstances shown. Tex. Code Crim. Proc. Ann. art. 38.04 (West
1979). Because Russell's testimony is sufficient to support a rational finding that appellant
burglarized Arocha's truck, the first point of error is overruled.

 In point of error two, appellant urges that the district court erred by permitting the
State to call Bobby Russell as a witness because his name was not given to the defense before
trial. The State was ordered to give a written list of its witnesses to defense counsel. Although
no witness list was prepared, it appears that the identity of every State witness except Bobby
Russell was disclosed to the defense prior to trial. The prosecutor explained that he learned only
two days before trial began that Russell had witnessed any of the relevant events.

 When an undisclosed witness is permitted to testify over objection, the standard for
review is whether the trial court abused its discretion. Hightower v. State, 629 S.W.2d 920 (Tex.
Crim. App. 1981). After appellant objected to Bobby Russell testifying, trial was recessed and
defense counsel was given twenty minutes to interview the witness. When the parties returned
to the courtroom, defense counsel declined the court's offer of more time to talk to Russell saying,
"I think I've had enough for this witness." Under the circumstances, the district court has not
been shown to have abused its discretion by allowing Bobby Russell to testify. Point of error two
is overruled.

 In his last point of error, appellant complains that the district court erred by
overruling his Batson objection to the State's peremptory strike of venire member Patricia
Robinson. Batson v. Kentucky, 476 U.S. 79 (1986); see also Tex. Code Crim. Proc. Ann. art.
35.261 (West 1989). Appellant contends that Robinson was struck because she is African-American. In considering this point, we will view the record in the light most favorable to the
court's ruling and will not disturb it unless it is shown to be clearly erroneous. Harris v. State,
827 S.W.2d 949, 955 (Tex. Crim. App. 1992).

 The prosecutor explained her strike of Robinson as follows:


I struck her because she's only lived in Travis County for a year and a half and
she's only been employed as a day care teacher for one month. Prior employment
before that is three months, does not have stable employment and does not have
lengthy community ties. She also did not check the box if she had ever been
accused, complainant or witness or -- in a criminal case.



Defense counsel responded, "Judge, I just don't believe that's a sufficient reason. For the record
I would note that the prosecutors didn't ask Ms. Robinson any questions." The objection was then
overruled.

 Robinson was number forty-one on the jury list. Neither the prosecutor nor defense
counsel questioned her directly during voir dire, and she did not respond to any questions
addressed to the panel as a whole. Counsels' apparent lack of interest in Robinson was likely due
to her relatively low position on the list, which would have left her out of the group of possible
jurors in many cases. But the district court granted twelve challenges for cause after voir dire was
completed, meaning that the "strike zone" in this cause extended through venire member forty-four.

 The prosecutor's explanation for her strike of Robinson was race-neutral on its
face. Appellant argues, however, that an examination of the juror information cards, which are
contained in the transcript, reveals that the State did not use peremptory challenges against
similarly situated panelists. The State responds that we should not consider the juror information
cards because they were not in evidence at the Batson hearing. Vargas v. State, 838 S.W.2d 552,
556-57 (Tex. Crim. App. 1992). In Vargas, the Court of Criminal Appeals held that a
comparative analysis of venire members must be based on evidence presented to the trial court
either during voir dire or at the Batson hearing. Because the juror information cards in Vargas
had not been introduced in evidence or otherwise brought to the attention of the trial court, they
could not be considered on appeal in evaluating the defendant's Batson claim. Vargas, 838
S.W.2d at 557.

 In this cause, the information on which the prosecutor based her peremptory
challenge to Robinson was obviously gleaned from the venire member's juror information card. 
Appellant, however, did not bring the contents of the other juror information cards to the attention
of the district court and there is nothing in the record to indicate that the court considered the
cards in overruling appellant's Batson objection. Under the holding in Vargas, we may not
consider the juror information cards in determining appellant's point of error. Cf. Cornish v.
State, 848 S.W.2d 144, 145 (Tex. Crim. App. 1993) (appellate court could properly consider
juror information cards where defense counsel specifically referred to them for comparison
purposes and trial court replied that "[t]he cards will speak for themselves").

 Even if we do compare Robinson's information card with the cards completed by
the other venire members, appellant's point of error fails. Appellant refers us to four white venire
members who were not peremptorily struck by the State despite having, in appellant's view, juror
information cards substantially identical to Robinson's. Two of the panelists cited by appellant
for comparison purposes, Melissa Lewis and Michelle Tugg, were successfully challenged for
cause. A third, Miriam Harrelson, appeared on the juror list after the State exercised its last
peremptory challenge. The fourth, David Bresemann, had been a Travis County resident for only
one year and, like Robinson, did not indicate if he had ever been involved in a criminal
prosecution. But Bresemann had been in his current job for one year and had held his previous
job for three and one-half years. This relatively stable employment history contrasts with the brief
periods of employment cited by the prosecutor as among her reasons for striking Robinson. We
find no evidence of disparate treatment that would lead us to conclude that the district court
clearly erred by overruling appellant's Batson objection. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 11, 1995

Do Not Publish