Larry Dean McClain v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-321-CR

     LARRY DEAN McCLAIN,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 30,297 & 30,393 
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Larry Dean McClain was convicted by the trial court of two offenses of possession of a
controlled substance in November of 1995. His sentence was probated. On October 1, 1999,
McClain’s probation was revoked and he was sentenced to eighteen months in state jail for
each offense with credit for time served. McClain has filed a motion to dismiss his appeal
supported by “Appellant’s Withdrawal of Notice of Appeal.” 
      In relevant portion, Rule 42.2 of the Texas Rules of Appellate Procedure states:
(a) At any time before the appellate court’s decision, the appellate court may dismiss
the appeal if the appellant withdraws his or her notice of appeal. The appellant and
his or her attorney must sign the written withdrawal and file it in duplicate with the
appellate clerk, who must immediately send the duplicate copy to the trial court clerk.

Tex. R. App. P. 42.2(a).
      We have not issued a decision in this appeal. “Appellant’s Withdrawal of Notice of
Appeal” is signed by both McClain and his attorney. The clerk of this court has sent a
duplicate copy of “Appellant’s Withdrawal of Notice of Appeal” to the trial court clerk. The
requirements of the rule are met. Id. When the requirements of this rule have been met, a
formal motion to dismiss is not required, but it does provide an efficient method of bringing
the withdrawal of the notice of appeal to this court’s attention. See id. 
      McClain’s appeal is dismissed.


                                                                   PER CURIAM


Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed on appellant's motion
Opinion delivered and filed April 12, 2000
Publish



ted by the record so that it is not clearly erroneous. Vargas,
838 S.W.2d at 554. "A finding is `clearly erroneous' when although there is evidence to support
it, the reviewing court on the entire evidence is left with the definite and firm conviction that a
mistake has been committed." Whitsey v. State, 796 S.W.2d 707, 721 (Tex. Crim. App. 1990)
(on rehearing) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct.
525, 542, 92 L.Ed. 746 (1948)). 
      The party raising a Batson challenge must first make a prima facie showing that the opposing
party has made its preemptory strikes with discriminatory purpose.


 Batson, 106 S.Ct. at 1723,
see also Emerson v. State, 851 S.W.2d 269, 271 (Tex. Crim. App. 1993); Williams v. State, 804
S.W.2d 95, 101 (Tex. Crim. App. 1991), cert. denied, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). 
The burden then shifts, requiring the opposing party to provide non-discriminatory explanations
for its preemptory strikes. Emerson, 851 S.W.2d at 271-72. The explanations provided by the
non-movant must be clear and reasonably specific to the veniremember challenged. Whitsey, 796
S.W.2d at 713. It is not sufficient that these reasons be facially non-discriminatory; they must be
individualized to the stricken veniremembers. Each strike of a veniremember must be evaluated
individually and the non-moving party's actions evaluated as a whole for a pattern of purposeful
discrimination. The court then decides whether the party raising the issue has succeeded in
sustaining its burden of persuasion; that is, were the non-discriminatory reasons provided by the
opposing party merely pretextual? Emerson, 851 S.W.2d. at 273. The trial court must adequately
preserve both its reasoning and the evidentiary basis for its decision on the record. Williams, 804
S.W.2d at 101.
      We begin our analysis by first addressing the reasoning and the evidentiary basis for the
lower-court decision. The trial court has failed to provide either and simply states that, with
regard to the voir dire, it finds no evidence of discrimination on the part of the prosecutor. Great
deference is to be placed in the court's ruling, yet, in reviewing the record, there exists clear
grounds to question the propriety of the State's preemptory strikes. For an appellate court to
review the hearing properly, the trial court must preserve its reasoning in the record. Whitsey,
796 S.W.2d at 716.
      Appellant Washington, who is black, made a prima facie showing of discrimination by
showing that he belongs to a cognizable group, that the State used preemptory strikes against
minority veniremembers, and that these facts, as well as the surrounding facts and circumstances,
raise an inference of discrimination on the part of the prosecutor. See Linscomb v. State, 829
S.W.2d 164, 165 n.6 (Tex. Crim. App. 1992) A party may not eliminate any potential juror with
discriminatory purpose. Keeton v. State, 724 S.W.2d 58, 65 n.5 (Tex. Crim. App. 1987). 
      Once this initial showing had been made, the State had to offer non-discriminatory reasons
for the strikes. The State asked no questions to the black veniremembers it subsequently struck. 
Lack of examination implicates the holdings in Whitsey and Emerson. In each of those cases the
prosecution failed to ask veniremembers questions that would have assisted the court in
determining whether the veniremember possessed those qualities ascribed to him at the later
Batson hearing: qualities which the State alleged would prevent this person from being a good
juror in its non-discriminatory reason for striking. See Emerson, 851 S.W.2d 269; Whitsey, 796
S.W.2d 707.
      In the present case, the State failed to overcome the presumption of discriminatory purpose
behind the strike. The prosecutor offered data from the juror information card as evidence
regarding the veniremembers. See Cornish v. State, 848 S.W.2d 144 (Tex. Crim. App. 1993)
(holding that juror information cards, though not formally introduced into the record, were
nevertheless part of the record on appeal). However, he did not supplement this information with
any particularized reason for the strike. Indeed, misspellings on the cards and incomplete cards
were offered as the reason for these strikes of black veniremembers, yet white veniremembers with
incomplete cards were not struck. Further, the State inexplicably bolstered Appellant's complaint
with the comment regarding the empaneling of a black juror "[as] my minority black person . .
. on the jury." Having a "token minority" on the jury is never sufficient to dispel any taint of
discriminatory purpose inherent in other actions regarding the panel. Linscomb, 829 S.W.2d at
167. Tokenism is simply a more insidious form of the racism and discrimination Batson seeks to
eliminate.
      The type of discriminatory purpose that is present in this case is exactly the type of behavior
which Batson seeks to prevent. We hold that the ruling on the Batson motion was clearly
erroneous, and sustain point of error two. Because we reverse the judgment and remand the case
for a new trial, we do not reach Appellant's other points of error.
 
                                                                                 JOHN A. JAMES, JR.
                                                                                 Justice (Retired)

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice James (Retired)
Reversed and remanded
Opinion delivered and filed July 7, 1993
Do not publish