IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00059-CR

No. 10-11-00065-CR

 

William Johnson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 12th District
Court

Walker County, Texas

Trial Court Nos. 25,164
and 25,166

 



MEMORANDUM  Opinion



 

William Johnson filed a pro se notice of
appeal in each of the two underlying criminal actions complaining of the
written order of the trial court’s failure to provide a speedy trial.  The
notices state that they are “interlocutory appeals,” and attached to them are
Johnson’s pro se motions for speedy trial that were allegedly filed in the
trial court.[1] 
The notices do not identify a written order on Johnson’s motions, nor do they
identify an underlying pretrial habeas corpus proceeding.

In letters dated March 8, 2011 and March
10, 2011 letter, we notified Johnson that these causes were subject to
dismissal for want of jurisdiction because it appeared that this Court does not
have jurisdiction of his appeals of the trial court’s alleged interlocutory
rulings.  See Abbott
v. State, 271 S.W.3d
694 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not
whether appeal is precluded by law, but whether appeal is authorized by law); Everett v. State, 91 S.W.3d 386, 386 (Tex. App.—Waco
2002, no pet.) (stating that this court has jurisdiction over criminal appeals
only when expressly granted by law).  We warned Johnson that we would dismiss these
appeals unless, within 21 days, he showed grounds for continuing them.  Johnson
has not filed a response showing grounds for continuing these appeals or that
we have jurisdiction, nor is there any indication that Johnson is appealing the
trial court’s judgment or order in a pretrial habeas corpus proceeding under
Rule 31 of the Rules of Appellate Procedure.  Accordingly, we dismiss these
appeals for want of jurisdiction.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Dismissed

Opinion
delivered and filed April 6, 2011

Do
not publish

[CR25]

 









[1] The motions identify the underlying
cause numbers as 15,164 and 15,166, but the Walker County District Clerk has
advised the Clerk of this Court that the cause numbers are 25,164 and 25,166.








rline"> U.S. , 111 S.Ct. 1859, 1871, 114 L.Ed.2d 395 (1991)). The standard is applied
by reviewing the record, including the voir dire, the racial makeup of the venire, the explanations
of the prosecutor, and the appellant's rebuttal and impeaching evidence. The ruling of the judge
on the Batson motion must be supported by the record so that it is not clearly erroneous. Vargas,
838 S.W.2d at 554. "A finding is `clearly erroneous' when although there is evidence to support
it, the reviewing court on the entire evidence is left with the definite and firm conviction that a
mistake has been committed." Whitsey v. State, 796 S.W.2d 707, 721 (Tex. Crim. App. 1990)
(on rehearing) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct.
525, 542, 92 L.Ed. 746 (1948)). 
      The party raising a Batson challenge must first make a prima facie showing that the opposing
party has made its preemptory strikes with discriminatory purpose.


 Batson, 106 S.Ct. at 1723,
see also Emerson v. State, 851 S.W.2d 269, 271 (Tex. Crim. App. 1993); Williams v. State, 804
S.W.2d 95, 101 (Tex. Crim. App. 1991), cert. denied, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). 
The burden then shifts, requiring the opposing party to provide non-discriminatory explanations
for its preemptory strikes. Emerson, 851 S.W.2d at 271-72. The explanations provided by the
non-movant must be clear and reasonably specific to the veniremember challenged. Whitsey, 796
S.W.2d at 713. It is not sufficient that these reasons be facially non-discriminatory; they must be
individualized to the stricken veniremembers. Each strike of a veniremember must be evaluated
individually and the non-moving party's actions evaluated as a whole for a pattern of purposeful
discrimination. The court then decides whether the party raising the issue has succeeded in
sustaining its burden of persuasion; that is, were the non-discriminatory reasons provided by the
opposing party merely pretextual? Emerson, 851 S.W.2d. at 273. The trial court must adequately
preserve both its reasoning and the evidentiary basis for its decision on the record. Williams, 804
S.W.2d at 101.
      We begin our analysis by first addressing the reasoning and the evidentiary basis for the
lower-court decision. The trial court has failed to provide either and simply states that, with
regard to the voir dire, it finds no evidence of discrimination on the part of the prosecutor. Great
deference is to be placed in the court's ruling, yet, in reviewing the record, there exists clear
grounds to question the propriety of the State's preemptory strikes. For an appellate court to
review the hearing properly the trial court must preserve its reasoning in the record. Whitsey, 796
S.W.2d at 716.
      Thomas, who is black, made a prima facie showing of discrimination by showing that he
belongs to a cognizable group, that the State used preemptory strikes against minority
veniremembers, and that these facts, as well as the surrounding facts and circumstances, raise an
inference of discrimination on the part of the prosecutor. See Linscomb v. State, 829 S.W.2d 164,
165 n.6 (Tex. Crim. App. 1992) A party may not eliminate any potential juror with
discriminatory purpose. Keeton v. State, 724 S.W.2d 58, 65 n.5 (Tex. Crim. App. 1987). 
      Once this initial showing had been made, the State had to offer non-discriminatory reasons
for the strikes. The State asked no questions to the black veniremembers it subsequently struck. 
Lack of examination implicates the holdings in Whitsey and Emerson. In each of those cases the
prosecution failed to ask veniremembers questions that would have assisted the court in
determining whether the veniremember possessed those qualities ascribed to him at the later
Batson hearing: qualities which the State alleged would prevent this person from being a good
juror in its non-discriminatory reason for striking. See Emerson, 851 S.W.2d 269; Whitsey, 796
S.W.2d 707.
      In the present case, the State failed to overcome the presumption of discriminatory purpose
behind the strike. The prosecutor offered data from the juror information card as evidence
regarding the veniremembers. See Cornish v. State, 848 S.W.2d 144 (Tex. Crim. App. 1993)
(holding that juror information cards, though not formally introduced into the record, were
nevertheless part of the record on appeal). However, he did not supplement this information with
any particularized reason for the strike. Indeed, misspellings on the cards and incomplete cards
were offered as the reason for these strikes of black veniremembers, yet white veniremembers with
incomplete cards were not struck. Further, the State inexplicably bolstered Thomas' case with the
comment regarding the empaneling of a black juror "[as] my minority black person ... on the
jury." Having a "token minority" on the jury is never sufficient to dispel any taint of
discriminatory purpose inherent in other actions regarding the panel. Linscomb, 829 S.W.2d at
167. Tokenism is simply a more insidious form of the racism and discrimination Batson seeks to
eliminate.
      The type of discriminatory purpose that is present in this case is exactly the type of behavior
which Batson seeks to prevent. We hold that the ruling on the Batson motion was clearly
erroneous, and sustain point of error one. Because we reverse the judgment and remand the case
for a new trial, we do not reach Thomas' other points of error.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed June 23, 1993
Do not publish