

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-11-00046-CR

**JONATHAN BLADIMIR REQUENO,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 24819

_____

## MEMORANDUM  OPINION

_____

Jonathan Bladimir Requeno appeals from a two year sentence in the state jail which was imposed for the offense of unauthorized use of a motor vehicle, pursuant to a plea of guilty with no agreement as to the sentence to be imposed.  *See* TEX. PEN. CODE ANN. § 31.07 (West 2003).  Requeno complains that the trial court erred by considering the pre-sentence investigation (PSI) because it was never admitted into evidence and by reviewing the PSI prior to determining his guilt that contained the offense report, which resulted in an improper *ex parte* communication and constituted judicial misconduct. Because we find no reversible error, we affirm the judgment of the trial court.

Requeno pled guilty on September 13, 2010, at which time the trial court found that the evidence was sufficient to establish Requeno's guilt but deferred a finding of guilt, and the case was reset for sentencing at a later date so that a PSI could be conducted. Sentencing was reset twice, and Requeno did not appear for either date. On the second date, the trial court pronounced sentence without Requeno's presence. During that hearing, Requeno's trial counsel objected to the trial court's consideration of the offense report which originally was attached to the PSI because it contained hearsay and information about unrelated offenses. The State contended that the offense report was not being offered as part of the PSI. The PSI had been offered into evidence, but was not formally admitted. The trial court found Requeno guilty and assessed his sentence at two years in the state jail, the maximum sentence for that offense. Pursuant to a motion filed by Requeno's trial counsel after that hearing, the trial court later imposed sentence in open court in Requeno's presence after Requeno was arrested.

*Consideration of Evidence Not Formally Admitted*

Requeno complains that the trial court erred by considering the PSI, which had the offense report attached, because it was offered but not admitted into evidence. A review of the record demonstrates that the PSI was offered by the State, and both parties referred to the PSI during the sentencing hearing, and Requeno's trial counsel asked the trial court to consider certain portions of it relating to Requeno's alcoholism in mitigation for Requeno's commission of the offense. Evidence that is not formally introduced and that is treated by the trial court and the parties as if it had been admitted is, for all practical purposes, admitted. *See, e.g., Cornish v. State*, 848 S.W.2d 144, 145 (Tex. Crim. App. 1993) (juror information cards referred to by court and parties

may be considered in *Batson* challenge although not formally offered or admitted); *Heberling v. State*, 834 S.W.2d 350, 355-56 (Tex. Crim. App. 1992) (exhibit placed before jury and referred to by witnesses sufficient to sustain verdict although not formally offered or admitted).

Further, Requeno did not object to the trial court's consideration of the PSI because it had not been offered into evidence. Rule of Appellate Procedure 33.1(a) requires a timely objection to be made in order to preserve error. *See* TEX. R. APP. P. 33.1(a). The purpose of this is for the trial court to remedy any errors immediately, which could easily have been done by the trial court's ruling on the admissibility of the PSI. The trial court did not err by considering the substance of the PSI.

### Due Process and Ex Parte Communications

Requeno argues the trial court violated his federal and state due process rights by reviewing the PSI before finding him guilty and engaged in an improper *ex parte* communication by considering the PSI and offense report. *See* U.S. CONST. AMEND. V, XIV; TEX. CONST. art. 1, § 19. The State argues that Requeno waived these complaints due to a failure to object to the trial court on that basis. Due process and due course of law violations are waived when a defendant fails to assert them in the trial court. *See Cockrell v. State*, 933 S.W.2d 73, 88-89 (Tex. Crim. App. 1996) (preservation requires timely objection); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (en banc) (finding due process and due course of law complaints were not preserved for review absent timely, specific objection). While Requeno's trial counsel did object to the consideration of the offense report that was attached to the court's PSI, there was no objection to the trial court on the basis of due process or as being an *ex parte*

communication.  His objection in the trial court does not comport with those he is making on appeal.  *See* TEX. R. APP. P. 33.1(a).  Accordingly, we conclude that Requeno waived these issues by not making a specific, timely objection in the trial court.

Even if Requeno had preserved his due process complaint for our review, it is without merit.  Where, as here, the defendant has pleaded guilty, signed a judicial confession, and stipulated to evidence of guilt, and the trial court has found the evidence sufficient to support a finding of guilt, the trial judge is statutorily authorized to review a PSI report before formally entering a finding of guilt.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(c) (West Supp. 2010) (A judge may not inspect a PSI and disclose its contents to any person unless the defendant pleads guilty or nolo contendere or is convicted of the offense.).  Thus, the trial court was authorized to review the PSI in this case because Requeno had previously entered a guilty plea.  We overrule issue one.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed July 20, 2011
Do not publish
[CR25]