IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00046-CR

 

Jonathan Bladimir Requeno,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 12th District
Court

Walker County, Texas

Trial Court No. 24819

 



MEMORANDUM  Opinion










 

            Jonathan Bladimir Requeno appeals
from a two year sentence in the state jail which was imposed for the offense of
unauthorized use of a motor vehicle, pursuant to a plea of guilty with no
agreement as to the sentence to be imposed.  See Tex. Pen. Code Ann. § 31.07 (West 2003).  Requeno complains
that the trial court erred by considering the pre-sentence investigation (PSI)
because it was never admitted into evidence and by reviewing the PSI prior to
determining his guilt that contained the offense report, which resulted in an
improper ex parte communication and constituted judicial misconduct. 
Because we find no reversible error, we affirm the judgment of the trial court.

            Requeno pled guilty on
September 13, 2010, at which time the trial court found that the evidence was
sufficient to establish Requeno’s guilt but deferred a finding of guilt, and
the case was reset for sentencing at a later date so that a PSI could be
conducted.  Sentencing was reset twice, and Requeno did not appear for either
date.  On the second date, the trial court pronounced sentence without
Requeno’s presence.  During that hearing, Requeno’s trial counsel objected to
the trial court’s consideration of the offense report which originally was
attached to the PSI because it contained hearsay and information about unrelated
offenses.  The State contended that the offense report was not being offered as
part of the PSI.  The PSI had been offered into evidence, but was not formally
admitted.  The trial court found Requeno guilty and assessed his sentence at
two years in the state jail, the maximum sentence for that offense.  Pursuant
to a motion filed by Requeno’s trial counsel after that hearing, the trial
court later imposed sentence in open court in Requeno’s presence after Requeno
was arrested.

Consideration of Evidence Not Formally
Admitted

Requeno complains that the trial court
erred by considering the PSI, which had the offense report attached, because it
was offered but not admitted into evidence.  A review of the record
demonstrates that the PSI was offered by the State, and both parties referred
to the PSI during the sentencing hearing, and Requeno’s trial counsel asked the
trial court to consider certain portions of it relating to Requeno’s alcoholism
in mitigation for Requeno’s commission of the offense.  Evidence that is not
formally introduced and that is treated by the trial court and the parties as
if it had been admitted is, for all practical purposes, admitted.  See,
e.g., Cornish v. State, 848 S.W.2d 144, 145 (Tex. Crim. App. 1993) (juror
information cards referred to by court and parties may be considered in Batson
challenge although not formally offered or admitted); Heberling v. State,
834 S.W.2d 350, 355-56 (Tex. Crim. App. 1992) (exhibit placed before jury and
referred to by witnesses sufficient to sustain verdict although not formally
offered or admitted).

Further, Requeno did not object to the
trial court’s consideration of the PSI because it had not been offered into
evidence.  Rule of Appellate Procedure 33.1(a) requires a timely objection to
be made in order to preserve error.  See Tex. R. App. P. 33.1(a).  The purpose of this is for the
trial court to remedy any errors immediately, which could easily have been done
by the trial court’s ruling on the admissibility of the PSI.  The trial court
did not err by considering the substance of the PSI.

Due Process and Ex Parte Communications

Requeno argues the trial court violated
his federal and state due process rights by reviewing the PSI before finding
him guilty and engaged in an improper ex parte communication by
considering the PSI and offense report.  See U.S. Const. Amend. V, XIV; Tex.
Const. art. 1, § 19.  The State argues that Requeno
waived these complaints due to a failure to object to the trial court on that
basis.  Due process and due course of law violations are waived when a
defendant fails to assert them in the trial court. See Cockrell v. State,
933 S.W.2d 73, 88-89 (Tex. Crim. App. 1996) (preservation requires timely
objection); Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (en
banc) (finding due process and due course of law complaints were not preserved
for review absent timely, specific objection).  While Requeno’s trial counsel
did object to the consideration of the offense report that was attached to the
court’s PSI, there was no objection to the trial court on the basis of due
process or as being an ex parte communication.  His objection in the
trial court does not comport with those he is making on appeal.  See Tex. R. App. P. 33.1(a).  Accordingly,
we conclude that Requeno waived these issues by not making a specific, timely
objection in the trial court.

Even if Requeno had preserved his due
process complaint for our review, it is without merit.  Where, as here, the
defendant has pleaded guilty, signed a judicial confession, and stipulated to
evidence of guilt, and the trial court has found the evidence sufficient to
support a finding of guilt, the trial judge is statutorily authorized to review
a PSI report before formally entering a finding of guilt.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(c) (West Supp. 2010) (A judge may not inspect a PSI and disclose its
contents to any person unless the defendant pleads guilty or nolo contendere or
is convicted of the offense.).  Thus, the trial court was authorized to review
the PSI in this case because Requeno had previously entered a guilty plea.  We
overrule issue one.

Conclusion

            Having found no reversible
error, we affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed July 20, 2011

Do
not publish

[CR25]