

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1115-14

### THE STATE OF TEXAS

v.

### ARMANDO PRIETO, JR., Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS EL PASO COUNTY

*Per curiam.*

### O P I N I O N

Appellant was charged with possession of a controlled substance and the trial court granted his motion to suppress. The State appealed. The Court of Appeals affirmed, noting that the State's argument depended on the police officer's videotape and that evidence was not admitted at the suppression hearing and was not in the appellate record. *State v. Prieto*,

No. 08-12-00268-CR, 2014 Tex. App. LEXIS 5869 (Tex. App.—El Paso May 30, 2014) (not designated for publication).

The State has filed a petition for discretionary review of this decision, arguing that the videotape should be considered even though not formally admitted because it is in the appellate record and it was treated as though it had been admitted at the suppression hearing. *Cornish v. State*, 848 S.W.2d 144 (Tex. Crim. App. 1993). We agree.

The parties and the court treated the videotape as admitted at the initial suppression hearing. Additionally, at the second hearing, the State proffered the tape, and the trial court instructed the court reporter to "put it in there as something that's in there that's not been admitted." The court reporter did so, showing State's Exhibit 1 as the "DVD (Filed with the Court Reporter) Offered but not Admitted." The court reporter properly did not include the original DVD in the appellate record. See Tex. R. App. P. 34.6(g)(1) (" . . . court reporter must return the original exhibits to the clerk after copying them for inclusion in the reporter's record"). It was the appellate court's duty, then, to request the DVD from the trial court clerk. See Tex. R. App. P. 34.6(g)(2) ("the appellate court may direct the trial court clerk to send it any original exhibit").

The Court of Appeals erred to refuse to request and consider the videotape in its analysis. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for proceedings consistent with this opinion.

DATE DELIVERED:        November 19, 2014

DO NOT PUBLISH