COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       The State of Texas v. Juan Negrete

Appellate case number:     01-19-00357-CR

Trial court case number:   1524468

Trial court:               263rd District Court of Harris County

Appellant, the State of Texas, appeals from the trial court's order granting the motion to suppress the oral statements that appellee, Juan Negrete, made to law enforcement. Appellant has filed a motion to abate to allow the trial court to "supplement the record with a [videotaped] recording [containing appellee's oral statements] which was functionally admitted and considered by the [trial] court" at the hearing on appellee's motion to suppress and to allow the trial court to "enter findings of fact and conclusions of law" related to its order granting appellee's motion to suppress.

### *Videotaped Recording*

On May 21, 2019, the court reporter filed with this Court the reporter's record from the hearing on appellee's motion to suppress. Appellant asserts in its motion to abate that the oral statements made by appellee to law enforcement "is on a video," the trial court "viewed th[e] video" during the hearing on appellee's motion to suppress, the trial court "mentioned time stamps on the video" "on the record" during the hearing, and "[t]his [was] the only evidence that the trial court considered in making [its] ruling." Although appellant states that "no one offered the video[taped recording]" containing appellee's oral statements, "[s]ometimes the parties may treat an exhibit, document, or other material as if those items had been admitted into evidence, even though they were never formally offered or admitted in the trial court." *See Amador v. State,* 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). And "Texas courts have held that documents or items [are] in some way made part of the trial record wh[en] [they] are treated by the [trial] court and parties as if formally introduced into evidence." *Id.* at 673–74; s*ee also Cornish v. State*, 848 S.W.2d 144, 145 (Tex. Crim. App. 1993). Here, during the hearing on appellee's motion to suppress, the videotaped recording of appellee's oral statements was repeatedly cited by the trial court during the hearing and referenced by the trial court when it ruled that it would "suppress appellee's statement[s]." Thus, the videotaped recording should be made part of the appellate record. *See Amador*, 221 S.W.3d at 673–74; *Cornish*, 848 S.W.2d at

145; *State v. Brown*, 929 S.W.2d 588, 591 (Tex. App.—Corpus Christi–Edinburg 1996, pet. ref'd).

Accordingly, the District Clerk of Harris County or the court reporter, if the videotaped recording is in his or her possession, is directed to deliver the original videotaped recording to the Clerk of this Court. *See* TEX. R. APP. P. 34.6(d), 34.6(g)(2). The Clerk of this Court is directed to cooperate with the district clerk and/or court reporter to provide for the safekeeping, transportation, and return of the exhibit.

To the extent that appellant, in its motion, requests abatement and remand to the trial court to allow it to "supplement the record with a [videotaped] recording [containing the oral statements]," appellant's request is **DENIED**. *See* TEX. R. APP. P. 34.6(d) (appellate court may direct court reporter to file supplemental reporter's record); 34.6(e) (appellate court may remand case to trial court *when dispute arises as to inaccuracies in reporter's record*); *Amador*, 221 S.W.3d at 676–77 ("If the record . . . does not fully reflect the evidence considered by the factfinder, then the trial judge, the court of appeals, or any of the parties may direct the court reporter to supplement the appellate record with the missing items. *If* the parties have a dispute over what items are missing from the appellate record, or they dispute the accuracy or completeness of those items, [then] the trial court will resolve that dispute." (internal citations omitted)); *see, e.g.*, *Shilling v. State*, No. 07-17-00105-CR, 2017 WL 3882729, at *1–2 (Tex. App.—Amarillo Aug. 30, 2017, order).

The videotaped recording shall be filed in this Court **within 14 days of the date of this order**.

### *Findings of Fact and Conclusions of Law*

The reporter's record reflects that at the conclusion of the hearing on appellee's motion to suppress, the trial court stated: "I'm going to suppress the statement. And there are couple reasons on the record why, but I expect [appellee's] counsel to turn in very detailed, well-written [f]indings of [f]act and [c]onclusions of [l]aw . . . . And I invite [appellant] to submit [p]roposed [f]indings of [f]act and [c]onclusions of [l]aw." The clerk's record contains proposed "Findings of Fact and Conclusions of Law" filed by appellee. However, they are unsigned, and there is no indication in the record that the trial court adopted these findings of fact and conclusions of law. The record also does not indicate, and appellant does not argue in its motion, that it filed proposed findings of fact and conclusions of law or that it filed a "Notice of Past Due Findings of Fact and Conclusions of Law."

Here, the trial court granted appellee's motion to suppress the oral statements that he made to law enforcement.[1] In such circumstances, the Texas Court of Criminal Appeals has stated that:

> *[U]pon the request of the losing party* on a motion to suppress evidence, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.

---

[1] *Cf.* TEX. CODE CRIM. PROC. art. 38.22, § 6.

*State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (emphasis added) (relying on Texas Rule of Civil Procedure 297 "to provide guidance to the trial courts about the time to file requested findings of fact and conclusion of law"); *State v. Villarreal*, 476 S.W.3d 45, 48–49 (Tex. App.—Corpus Christi–Edinburg 2014), *aff'd*, 475 S.W.3d 784 (Tex. Crim. App. 2014) (noting trial court, after granting defendant's motion to suppress, entered findings of fact and conclusions of law *upon State's timely request*). However, appellate review of the trial court's ruling granting the motion to suppress is not contingent upon the trial court entering findings of fact and conclusions of law. *See Cullen*, 195 S.W.3d at 699 (not indicating that such findings and conclusions are mandatory). Notably, the losing party, i.e., appellant in this case, must request the findings of fact and conclusions of law and, if applicable, file a "past due" notice. *See Sonnier v. Sonnier,* 331 S.W.3d 211, 214 (Tex. App.—Beaumont 2011, no pet.) (failure to file "past due" notice waives party's right to complain about the trial court's failure to file findings of fact and conclusions of law) (citing *Burns v. Burns,* 116 S.W.3d 916, 921–22 (Tex. App.—Dallas 2003, no pet.); *see also* TEX. R. CIV. P. 297 (relied on by Court of Criminal Appeals in *Cullen*). As noted above, the record in this case does not indicate that appellant did so.

Accordingly, to the extent that appellant, in its motion, requests abatement and remand to the trial court to allow it to "enter findings of fact and conclusions of law" related to its order granting appellee's motion to suppress, appellant's request is **DENIED**.

Appellant's brief remains due on October 11, 2019.


It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____
               ☑ Acting individually    ☐ Acting for the Court


Date: _October 8, 2019_____