TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00277-CV






Texas Department of Public Safety, Appellant


v.


James David Latimer, Appellee





FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. 229,160, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING





PER CURIAM


 Appellant Texas Department of Public Safety challenges a county court at law judgment
reversing an administrative order sustaining the suspension of appellee James David Latimer's driver's
license. See Tex. Transp. Code Ann. §§ 724.042, .043 (West Supp. 1997). The Department challenges
the court's power to reverse an administrative order when the administrative record was not admitted into
evidence and also complains that the court erred in reversing the administrative order when the necessary
fact findings were supported by substantial evidence. We will reverse the county court at law judgment
and render judgment affirming the administrative order.

THE CONTROVERSY


 Latimer was involved in a three-car collision on December 11, 1995. He was trapped in
his car and had to be removed by the fire department. He was taken to Brackenridge Hospital after he
was freed because he was thought to have serious internal injuries. 

 An Austin police officer interviewed Latimer in the intensive care unit at the hospital. 
Suspecting that Latimer was intoxicated, the officer requested that Latimer submit to a blood test and, as
required by statute, warned Latimer that unless he consented his driver's license would be suspended and
that a refusal to submit a blood sample could be admitted into evidence at a later criminal prosecution. See
Tex. Transp. Code Ann. § 724.015 (West Supp. 1997). Latimer, who was connected to intravenous
tubes and in considerable pain, responded by asking to see his wife.

 Unless successfully challenged, a person's driver's license is automatically suspended if that
person refuses an officer's request that he or she give a blood or breath sample. Id. § 724.035. A person
challenging the automatic suspension of his or her driver's license is entitled to a hearing before an
administrative law judge ("ALJ") of the State Office of Administrative Hearings ("SOAH"). Id. § 724.041. 
At the hearing, the Department must prove by a preponderance of the evidence that reasonable suspicion
or probable cause existed to stop or arrest the person; that probable cause existed to believe that the
person was operating a motor vehicle in a public place while intoxicated; that the person was placed under
arrest by the officer and was requested to submit to the taking of a specimen; and that the person refused
to submit to the taking of a specimen on request of the officer. Id. § 724.042. If the ALJ finds in the
affirmative on each issue, the suspension order is sustained. Id. § 742.043. 

 An appeal from the ALJ's decision to sustain the suspension is to the county court at law,
if one exists in the county in which the offense occurred and if the county court at law judge is an attorney. 
Id. §§ 524.041; 724.041(g). The appeal is based on the administrative record certified by SOAH. Id.
§§ 524.043; 724.041(g). The manner and scope of review is that specified for cases of substantial
evidence review. Tex. Gov't Code Ann. §§ 2001.003(7); 2001.l74 (West Supp. 1997).

 In this case, the ALJ found that the Department had met its burden and sustained the
suspension. On appeal, the county court at law reversed the ALJ's decision.


ANALYSIS



 Texas Government Code section 2001.175(d) provides that, "The party seeking judicial
review shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit." 
Tex. Gov't Code Ann. § 2001.175(d) (West Supp. 1997). The Department argues by point of error one
that the county court at law erred in rendering an order in the suit for judicial review of the ALJ's order
because the administrative record had not been admitted into evidence. We disagree on the basis that the
record was effectively admitted into evidence. 

 The statement of facts clearly shows that the court considered the administrative record in 
arriving at its decision. Further, both parties treated the record as if it had been admitted into evidence: the
Department's and Latimer's attorneys referred to documents admitted and testimony offered at the SOAH
hearing. And, finally, the Department did not object to the court's consideration of the administrative record
on the basis that it was not in evidence. 

 A number of cases have held that evidence that is treated by the trial court and the parties
as if it had been admitted is, for all practical purposes, admitted. See, e.g., Cornish v. State, 848 S.W.2d
144, 145 (Tex. Crim. App. 1993) (juror information cards referred to by court and parties may be
considered in Batson challenge although not formally offered or admitted); Heberling v. State, 834
S.W.2d 350, 355-56 (Tex. Crim. App. 1992) (exhibit placed before jury and referred to by witnesses
sufficient to sustain verdict although not formally offered or admitted); Killion v. State, 503 S.W.2d 765,
766 (Tex. Crim. App. 1973) (written stipulations neither offered nor admitted could be considered in
support of judgment when statement of facts showed that trial court and parties treated stipulations as if
they had been admitted into evidence); Kissinger v. State, 501 S.W.2d 78, 79 (Tex. Crim. App. 1973)
(evidence offered but not formally admitted was constructively admitted because trial court relied upon
them in rendering judgment); Richardson v. State, 475 S.W.2d 932, 933 (Tex. Crim. App. 1972)
(objects offered into evidence and considered by court but not formally admitted were constructively
admitted); Pickering v. First Greenville Nat'l Bank, 479 S.W.2d 76, 78 (Tex. Civ. App.--Dallas 1972,
no writ) (exhibit that was marked, used and referred to by attorneys, and considered by trial court in
rendering its decision was in evidence); Guetersloh v. C.I.T. Corp., 451 S.W.2d 759, 760 (Tex. Civ.
App.--Amarillo 1970, writ ref'd n.r.e.) (document produced by plaintiff, inspected by defendant, marked
by court reporter, handed to and received by the court, and placed in statement of facts is in evidence);
Hamilton v. Waples-Platter Co., 424 S.W.2d 295, 298 (Tex. Civ. App.--Fort Worth 1968, no writ)
(exhibit that was marked as exhibit and discussed by parties and trial court was, in effect, admitted);
McGary v. First Bancredit Corp., 273 S.W.2d 905, 906-07 (Tex. Civ. App.--Texarkana 1954, writ
ref'd n.r.e.) (exhibit marked but not formally admitted could be considered in upholding judgment since trial
court, parties, and court reporter treated it as if it were admitted and court reported included it in statement
of facts approved by all parties).

 The cases cited are all cases originating in the trial court; the bases for considering whether
documents have been effectively admitted in a suit for judicial review of an administrative decision are even
more compelling. First, the administrative record should always be before the reviewing court since
section 2001.175(b) requires the state agency to file the administrative record with the clerk of the
reviewing court. Tex. Gov't Code Ann. § 2001.175(b) (West Supp. 1997). Second, with limited
exceptions, the reviewing court can consider only the administrative record in arriving at its decision. See
Tex. Gov't Code Ann. § 2001.175(e) (West Supp. 1997) (review is based on administrative record); Tex.
Transp. Code Ann. § 524.043 (West Supp. 1997) (review is on record certified by SOAH). Therefore,
there should be no confusion about the record before the reviewing court.

 The doctrine also accords with the well-grounded principle that a party cannot complain
on appeal of a trial court's act unless it timely objected to the act. Tex. R. App. P. 52. The Department
did not object to the county court at law's consideration of the record on the basis that it was not in
evidence. In fact, the Department itself referred to exhibits and testimony in the administrative record. The
Department may not complain on appeal of an act that it not only failed to object to, but even encouraged.

 Nueces Canyon Consolidated Independent School District v. Central Education
Agency, 917 S.W.2d 773, 776 (Tex. 1996), which the Department cites, does not necessitate a different
conclusion. Nueces Canyon held that an "appellant may bring an administrative record in an appeal
governed by the Administrative Procedure Act to an appellate court as part of a statement of facts or
transcript so long as a court reporter's certificate or other evidence demonstrates that the trial court
admitted the record." Id. (emphasis added.) Nueces Canyon is not on point because it addressed the
method by which the administrative record should be forwarded to an appellate court rather than in what
circumstances the reviewing court could act on a petition for judicial review; but, to the extent Nueces
Canyon applies here, the statement of facts in this case shows that the county court at law effectively
admitted the record into evidence.

 For the foregoing reasons, we hold that the administrative record was effectively admitted
into evidence in this case. We overrule point of error one.

 By its second point of error, the Department argues that the county court at law erred in
reversing the administrative decision to sustain the suspension of Latimer's license because the
administrative record contained substantial evidence to support the necessary fact findings. Since the
administrative record was effectively admitted into evidence, we can examine it to determine whether
substantial evidence exists to support the administrative determinations. Nueces Canyon, 917 S.W.2d at
776.

 The Administrative Procedure Act ("APA") authorizes a reviewing court to test an agency's
findings, inferences, conclusions, and decisions to determine whether they are reasonably supported by
substantial evidence considering the reliable and probative evidence in the record as a whole. Tex. Gov't
Code Ann. § 2001.174(2)(E) (West Supp. 1997); Texas Health Facilities Comm'n v. Charter
Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984). The reviewing court must presume that the
agency's decision is supported by substantial evidence. Charter Medical-Dallas, Inc., 665 S.W.2d at
453. The evidence in the record may preponderate against the agency's decision and nevertheless amount
to substantial evidence. Lewis v. Metropolitan Sav. & Loan Ass'n, 550 S.W.2d 11, 13 (Tex. 1977). 
The test is not whether the agency reached the correct conclusion but whether some reasonable basis exists
in the record for the agency's action. Charter Medical-Dallas, Inc., 665 S.W.2d at 452. We will sustain
the agency's action if the evidence is such that reasonable minds could have reached the conclusion that the
agency must have reached in order to justify its action. Id.


Probable Cause


 We first consider whether reasonable suspicion or probable cause existed to stop or arrest
Latimer and whether probable cause existed to believe that Latimer was operating a motor vehicle in a
public place while intoxicated. Probable cause exists where the facts and circumstances known to the
officer are sufficient to warrant in a person of reasonable caution the belief that the suspect has committed
or is committing an offense. Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991).

 Latimer was involved in a serious collision on a public street on a clear day. He drove
outside his lane and collided almost head-on with a car that had stopped to turn. Officer Rothert testified
that he smelled alcohol on Latimer's breath and that Latimer's speech was slurred and confused. Officer
Rothert further testified that the slurring and confusion was consistent with intoxication. Those facts
sufficiently establish reasonable suspicion or probable cause to arrest Latimer and to believe that Latimer
was operating a motor vehicle in a public place while intoxicated. See Nottingham v. State, 908 S.W.2d
585, 588-89 (Tex. App.--Austin 1995, no pet.) (probable cause existed when suspect involved in
accident smelled of alcohol, admitted she had been drinking, and did not pass sobriety tests); Segura v.
State, 826 S.W.2d 178, 183 (Tex. App.--Dallas 1992, pet. ref'd) (officer had probable cause to arrest
suspect involved in accident who had bloodshot eyes, slurred speech, difficulty standing, and alcohol on
his breath).



Arrest and Request

 We next consider whether Latimer was arrested by the officer and requested to submit to
the taking of a blood or breath specimen. An arrest occurs at the moment a person's liberty of movement
is restricted or restrained. Hoag v. State, 728 S.W.2d 375, 379 (Tex. Crim. App. 1992). Latimer argues
that he was never arrested. However, Officer Rothert read the statutory warning to Latimer. The warning
itself states, "You are under arrest for the offense of Driving While Intoxicated." A reasonable person in
Latimer's position would believe that he was not free to leave after being told by a police officer that he
was under arrest. See Nottingham, 908 S.W.2d at 588; Bell v. State, 881 S.W.2d 794, 799 (Tex.
App.--Houston [14th Dist.] 1994, pet. ref'd).

 Neither party disputes that the officer orally requested Latimer to submit a blood specimen. 
However, Latimer argues that he was not given the written notice required by section 724.015. Tex.
Transp. Code Ann. § 724.015 (West Supp. 1997) ("Before requesting a person to submit to the taking
of a specimen, the officer shall inform the person orally and in writing . . . ."). We disagree. Officer
Rothert testified that he made the written notice available to Latimer in the hospital room but did not leave
it there because Latimer did not have control over his possessions. Instead, Officer Rothert returned the
next day and left the written notice with a nurse to give to Latimer. Tendering the written notice is all that
is required under section 724.015. 


Refusal

 Finally, we consider whether Latimer refused to submit to the taking of a specimen. He
argues that his lack of concurrence was not the same as a refusal because his injuries prevented him from
comprehending the officer's request. Officer Rothert testified that, in response to his request, "He just kept
saying that he wanted to talk to his wife -- that he wasn't going to submit to a test that -- you know, that
was the gist of this conversation, that he wanted to talk to his wife before he did anything." Officer Rothert
further testified that he felt that Latimer "knew what was going on." 

 Any conflict in the evidence regarding Latimer's refusal to provide a breath specimen was
a matter for the ALJ to resolve. See Texas Dep't of Public Safety v. Raffaelli, 905 S.W.2d 773, 778
(Tex. App.--Texarkana 1995, no writ) (ALJ decides weight to be given testimony regarding whether
suspect refused to give specimen). A reviewing court may not substitute its judgment regarding the weight
of the evidence for that of a state agency. Tex. Gov't Code Ann. § 2001.174; Public Util. Comm'n of
Tex. v. Gulf States Utils. Co., 809 S.W.2d 201, 211 (Tex. 1991); Raffaelli, 905 S.W.2d at 778. A
reasonable person could have concluded from the quoted testimony that Latimer refused to submit a
specimen. Because substantial evidence supports the ALJ's order, we sustain point of error two.

 Accordingly, we reverse the county court at law and render judgment affirming the 
administrative order.


Before Justices Powers, Aboussie and Jones

Reversed and Rendered

Filed: February 13, 1997

Publish



on with a car that had stopped to turn. Officer Rothert testified
that he smelled alcohol on Latimer's breath and that Latimer's speech was slurred and confused. Officer
Rothert further testified that the slurring and confusion was consistent with intoxication. Those facts
sufficiently establish reasonable suspicion or probable cause to arrest Latimer