TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00249-CR







Albert Zuniga, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BEXAR COUNTY, 226TH JUDICIAL DISTRICT


NO. 97CR5426, HONORABLE SID L. HARLE, JUDGE PRESIDING







 Appellant Albert Zuniga appeals his conviction for the felony offense of driving
a motor vehicle in a public place while intoxicated (DWI). See Tex. Penal Code Ann. §§ 49.04,
49.09(b) (West Supp. 2000). (1) The jury found appellant guilty. The trial court assessed
punishment.


Points of Error


 Appellant advances two points of error. First, he contends that his conviction must
be reversed and an acquittal ordered because the State's evidence of a felony DWI was insufficient
as a matter of law. Second, appellant urges the same action should be taken because "the State
failed to admit Exhibit No. 7 into evidence, therefore establishing reversible error."


The Indictment


 The indictment alleged the primary offense of DWI as having occurred in Bexar
County on or about September 9, 1997. The indictment further alleged two prior misdemeanor
convictions:


And it is further presented in and to said Court, that prior to the commission of the
aforesaid offense, hereinafter called primary offense, by the said defendant, on the
19TH day of SEPTEMBER, A.D., 1989 in COUNTY COURT AT LAW
NUMBER 5, BEXAR COUNTY TEXAS, in Cause No. 436242, the said
defendant was convicted of the offense of DRIVING WHILE INTOXICATED
PURSUANT TO ARTICLE 6701l-1, a MISDEMEANOR, and said conviction
became final prior to the commission of the primary offense; and it is further
presented in and to said Court, that prior to the commission of the primary offenses
by the said defendant, on the 16TH day of APRIL, A.D., 1986 in COUNTY
COURT AT LAW NUMBER 4, BEXAR COUNTY, TEXAS, in Cause No.
361265, the said defendant was convicted of the offense of DRIVING WHILE
INTOXICATED PURSUANT TO ARTICLE 6701l-1, a MISDEMEANOR, and
said conviction was final prior to the commission of the primary offense.



The Verdict


 The jury found appellant "guilty of the felony offense of driving while intoxicated
as alleged in the indictment."


Legal Sufficiency


 Appellant's brief principally directs our attention to a claim that the State failed to
prove that he was the same person previously convicted in 1989 in Cause No. 436242 as alleged. 
The State is not sure whether appellant's challenge extends to both prior DWI convictions. We
are not sure either, but shall consider that proof of both prior convictions is being challenged.

 The State introduced into evidence certified copies of the judgments, complaints,
and informations in Cause Nos. 436242 and 361265 (the 1986 conviction). State's Exhibit No.
5 pertained to Cause No. 436242, and State's Exhibit No. 6 pertained to Cause No. 361265.

 The State called Rebecca Ann Campos of the Bexar County Sheriff's Office, whose
qualifications established her as a fingerprint expert. Campos testified that no two individuals
have the same fingerprints. She told the jury that she had taken appellant's fingerprints prior to
trial and they had been placed on what was later identified as State's Exhibit No. 7.

 Officer Campos testified that she was the custodian of the records in the Sheriff's 
office and the booking slips in her possession were made in the normal course of business. 
Campos identified State's Exhibit Nos. 8 and 9 as pertaining to Albert Zuniga. These exhibits
were introduced into evidence without objection. The State claims that State's Exhibit No. 8
pertains to the 1986 conviction in Cause No. 361265 and that State's Exhibit No. 9 pertains to the
1989 conviction in Cause No. 436242.

 Officer Campos testified that the fingerprint or fingerprints on each of the booking
slips were identical to appellant's fingerprints which she had taken. When shown the fingerprint
on the formal judgment in Cause No. 4362421 (State's Exhibit No. 5), Officer Campos stated that
the print was of poor quality and that it would take several hours before she could express an
opinion whether the print on the judgment matched appellant's known fingerprints. Campos was
not shown the formal judgment in Cause No. 361265 (State's Exhibit No. 6). The evidence shows
that there were no fingerprints attached to that judgment.

 Appellant does not challenge his identity as the perpetrator of the primary DWI
offense. The challenge here is to the proof of identity in two prior misdemeanor DWI convictions
alleged to constitute a felony of the third degree. See Tex. Penal Code Ann. § 49.09(b) (West
Supp. 2000). When proof of prior convictions is a jurisdictional element, (2) the fact of the prior
conviction or convictions, including the identity of the accused, must be proven beyond a
reasonable doubt. See Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.--San Antonio 1998, pet.
ref'd).

 There are a number of means that may be used to prove prior convictions alleged
for enhancement of punishment or as a jurisdictional element. See Littles v. State, 726 S.W.2d
26, 31 (Tex. Crim. App. 1984); Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986). 
The methods of proof set forth in various cases are not exclusive and may often include the use
of a combination of methods. See Beck, 719 S.W.2d at 210.

 A prior conviction may be established by certified copies of a judgment and
sentence along with authenticated documents from the Institutional Division of the Texas
Department of Criminal Justice including fingerprints, supported by expert testimony matching
the prison packet fingerprints to the known prints of the defendant. See id.; Zimmer, 989 S.W.2d
at 50. This is currently the most popular method of proving prior convictions, but it is only one
such method. See Beck, 719 S.W.2d at 209. The prosecution may employ other methods such
as (1) offering a witness who personally knows the defendant and the fact of his prior conviction
and identifies him; (2) stipulations or the judicial admission of a defendant; or (3) matching a
photograph of the defendant in a penitentiary packet or other official record to the defendant at
trial. See Zimmer, 989 S.W.2d at 50 (citing Littles, 726 S.W.2d at 31). The necessary proof may
often include a combination of methods. See Beck, 719 S.W.2d at 210; Gollin v. State, 554
S.W.2d 683, 686-87 (Tex. Crim. App. 1977).

 In the instant case, the prior convictions alleged were misdemeanors so there were
no penitentiary packets including fingerprints which could be matched with known prints of
appellant. The State introduced the judgments and the booking slips from the Sheriff's office. 
The fact that the name on the judgments and on the booking slips was the same as the defendant's
on trial is not enough, standing alone, to prove the prior convictions. See Beck, 719 S.W.2d at
209; Bullard v. State, 533 S.W.2d 812, 816 (Tex. Crim. App. 1976); Zimmer, 989 S.W.2d at 
51. Here, the State matched appellant's known fingerprints with the fingerprint or prints on each
of the booking slips. Each of the booking slips reflected the name of Albert Zuniga of 727 Brady,
San Antonio, Texas. The booking slips were identical in giving Zuniga's race, sex, height,
weight, color of eyes and hair, date of birth (03-15-57) and place of birth. Each slip reflected the
individual date of arrest for driving while intoxicated in Bexar County, Zuniga's Texas Driver's
license number (000965137), and Zuniga's system identification number (SID 251131). Officer
Campos explained that the SID number is applied to an individual who has been arrested, that it
is a personal identification number and "only one person" ever has that number.

 The judgment in Cause No. 361265 (State's Exhibit No. 6) reflects that Albert
Zuniga was convicted on April 16, 1986 of DWI which offense occurred in Bexar County on
January 26, 1986. The booking slip (State's Exhibit No. 8) reflects that Albert Zuniga was
arrested on January 26, 1986, for the offense of DWI in Bexar County. The complaint and
information in Cause No. 361265 were a part of State's Exhibit No. 6, which was before the jury. 
At the bottom of the information, there is a notation identifying the defendant as Albert Zuniga,
727 Brady, San Antonio, Texas, along with the SID number of 251131. There is also a "Mg. No.
208534" on the information which is reflected on the booking slip (Exhibit No. 8). Thus,
appellant was clearly tied to the booking slip (Exhibit No. 8) and it in turn was tied to the
judgment and information in Cause No. 361265 (State's Exhibit No. 6).

 The judgment in Cause No. 436242, along with the complaint and information,
(Exhibit No. 5) reflects that Albert Zuniga was convicted September 19, 1989, of a Class A
misdemeanor offense of DWI which occurred in Bexar County on June 2, 1989. The booking slip
(State's Exhibit No. 9) reflects that Albert Zuniga was arrested for DWI on June 2, 1989, in
Bexar County. The information in Cause No. 436242, a part of Exhibit No. 5, carries a notation
that the defendant Albert Zuniga lived at 727 Brady, San Antonio, Texas, and that his SID number
is 251131. The information also reflects in its body an allegation that Albert Zuniga had a prior
conviction for DWI in Bexar County in Cause No. 361,265. (3) Thus, appellant was tied to the
booking slip (State's Exhibit No. 5) by fingerprints, and the booking slip was tied to the judgment
and information in Cause No. 436242 by name, address, SID number and the date the offense was
found to have occurred. Moreover, the booking slip (State's Exhibit No. 5) reflected on its face
the cause number (436242) of the prosecution pertaining to that arrest.

 The State calls our attention to the fact that the top portion of the instant indictment
reflects appellant's name, address (727 Brady) and his SID number 251131. We do not find that
this portion of the indictment was read to the jury, introduced into evidence, or was before the
jury in any manner. Our own examination of the record reveals that San Antonio Police Officer
Brian Bielefeld arrested appellant on September 9, 1997, for the primary DWI offense alleged in
the indictment. Bielefeld identified appellant in open court and testified that he gave appellant the
statutory DWI warning. This written warning, State's Exhibit No. 1, was introduced into
evidence without objection. The exhibit reflects that the warning was given to Albert Zuniga, 727
Brady Blvd., San Antonio, Texas, whose date of birth was 03-15-57 and whose Texas driver's
license number was 000965137. This evidence before the jury also tied appellant to the booking
slips, judgments, and informations of the prior convictions.

 Proof that the accused is the same person named in an alleged prior conviction or
convictions can sometimes closely resemble "pieces of a jigsaw puzzle." See Human v. State, 749
S.W.2d 832, 835-36 (Tex. Crim. App. 1988). Proof, even though "unorthodox," may be
sufficient. See Littles, 726, S.W.2d at 32. Identity can be established by circumstantial as well
as direct evidence.

 In determining the legal sufficiency of the evidence, we must view the evidence in
the light most favorable to the jury's verdict, asking whether any rational trier of fact could have
found beyond a reasonable doubt all the essential elements of the offense charged. See Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Lane v. State, 933 S.W.2d 504, 507 (Tex. Crim. App.
1996). The evidence viewed in this light, and all reasonable inferences drawn therefrom, is
evaluated in this review. See Alvarado v. State, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995). 
A reviewing court must consider all evidence, rightly or wrongly admitted, which the trier of fact
was permitted to consider. See Garcia v. State, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994). 
The standard of review is the same for both direct and circumstantial evidence cases. See Green
v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

 The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and
the weight to be given the testimony and other evidence. See Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986). The jury may accept or reject all or any part of a witness's
testimony. See id.; Williams v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994).

 We conclude, after viewing the evidence in the light most favorable to the jury's
verdict, that any rational trier of fact could have found beyond a reasonable doubt all the essential
elements of the felony DWI offense charged, including the prior convictions. See Emery v. State,
881 S.W.2d 702, 705 (Tex. Crim. App. 1994). The first point of error is overruled.


State's Exhibit No. 7


 In his second point of error, appellant contends that the State failed to introduce
into evidence State's Exhibit No. 7 and that this omission resulted in reversible error entitling him
to an acquittal.

 The record reflects that State's Exhibit No. 7 was identified as the card or form
upon which Officer Campos placed the known fingerprints of appellant prior to trial. Campos
testified that the fingerprints on State's Exhibit No. 7 were those of appellant and matched the
fingerprint or fingerprints on the booking slips (State's Exhibit Nos. 8 and 9). It is obvious that
State's Exhibit No. 7 was used by Officer Campos in her testimony before the jury. The physical
exhibit itself was not formally introduced into evidence, which is the basis of appellant's claim.

 There was no objection on this ground. Moreover, there was no objection to
Campos's testimony concerning the exhibit based on the failure to offer the exhibit, nor was there
a motion to strike such testimony. Appellant's motion for an instructed verdict was not based on
the failure to introduce the exhibit.

 Appellant did not preserve any error for review by a timely trial motion or
objection. See Tex. R. App. P. 33.1(a)(1)(A). Appellant attempts to raise the issue on appeal
for the first time. See Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). "Appellate
courts have repeatedly held that evidence that is not objected to and that the trial court and parties
treat as admitted, is for all practical purposes, admitted." Texas Health Enterprises, Inc. v. Texas
Dept. of Human Services, 949 S.W.2d 313, 314 (Tex. 1997) (citing, inter alia, Tex. Dept. of Pub.
Safety v. Latimer, 939 S.W.2d 240, 243 (Tex. App.--Austin 1997, no writ)); Cornish v. State, 848
S.W.2d 144, 145 (Tex. Crim. App. 1993); Killion v. State, 503 S.W.2d 765, 766 (Tex. Crim.
App. 1973); see also Pitts v. State, 916 S.W.2d 507, 509-10 (Tex. Crim. App. 1996) (citing
Rexford v. State, 818 S.W.2d 494, 495-96 (Tex. App.--Houston [1st Dist.] 1991), pet. ref'd, 823
S.W.2d 296 (Tex. Crim. App. 1991)); Herbeling v. State, 834 S.W.2d 350, 355-56 (Tex. Crim.
App. 1992) (exhibit placed before jury and referred to by witnesses sufficient to sustain verdict
although not offered or admitted); Ex parte Reagan, 549 S.W.2d 204, 205 (Tex. Crim. App.
1977) (record supported extradition order where Governor's warrant was neither formally
introduced nor admitted into evidence but was treated by court and parties as if admitted).

 If it be appellant's contention that Campos's oral testimony cannot be considered
without the admission of the physical exhibit, he has not briefed that contention. See Tex. Rule
App. P. 38.1(h).

 We reject appellant's invitation to consider the matter as unassigned error in the
interest of justice. See Carter v. State, 656 S.W.2d 468 (Tex. Crim. App. 1983). The second
point of error is overruled.

 The judgment is affirmed.




 


 John F. Onion, Jr., Justice

Before Justices Jones, Patterson and Onion*

Affirmed

Filed: July 13, 2000

Do Not Publish



* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The current code is cited for convenience.
2. Prior DWI convictions alleged to elevate the primary DWI offense to a felony are
jurisdictional and not enhancement allegations only. See Mailbauer v. State, 968 S.W.2d 503,
507 (Tex. App.--Waco 1998, pet. ref'd).
3. See Tex. Penal Code Ann. § 49.09(a) (West Supp. 2000), relating to offense of a Class
A misdemeanor where there has been one prior conviction for DWI.



 appellant contends that the State failed to introduce
into evidence State's Exhibit No. 7 and that this omission resulted in reversible error entitling him
to an acquittal.

 The record reflects that State's Exhibit No. 7 was identified as the card or form
upon which Officer Campos placed the known fingerprints of appellant prior to trial. Campos
testified that the fingerprints on State's Exhibit No. 7 were those of appellant and matched the
fingerprint or fingerprints on the booking slips (State's Exhibit Nos. 8 and 9). It is obvious that
State's Exhibit No. 7 was used by Officer Campos in her testimony before the jury. The physical
exhibit itself was not formally introduced into evidence, which is the basis of appellant's claim.

 There was no objection on this ground. Moreover, there was no objection to
Campos's testimony concerning the exhibit based on the failure to offer the exhibit, nor was there
a motion to strike such testimony. Appellant's motion for an instructed verdict was not based on
the failure to introduce the exhibit.

 Appellant did not preserve any error for review by a timely trial motion or
objection. See Tex. R. App. P. 33.1(a)(1)(A). Appellant attempts to raise the issue on appeal
for the first time. See Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). "Appellate
courts have repeatedly held that evidence that is not objected to and that the trial court and parties
treat as admitted, is for all practical purposes, admitted." Texas Health Enterprises, Inc. v. Texas
Dept. of Human Services, 949 S.W.2d 313, 314 (Tex. 1997) (citing, inter alia, Tex. Dept. of Pub.
Safety v. Latimer, 939 S.W.2d 240, 243 (Tex. App.--Austin 1997, no writ)); Cornish v. State, 848
S.W.2d 144, 145 (Tex. Crim. App. 1993); Killion v. State, 503 S.W.2d 765, 766 (Tex. Crim.
App. 1973); see also Pitts v. State, 916 S.W.2d 507, 509-10 (Tex. Crim. App. 1996) (citing
Rexford v. State, 818 S.W.2d 494, 495-96 (Tex. App.--Houston [1st Dist.] 1991), pet. ref'd, 823
S.W.2d 296 (Tex. Crim. App. 1991)); Herbeling v. State, 834 S.W.2d 350, 355-56 (Tex. Crim.
App. 1992) (exhibit placed before jury and referred to by witnesses sufficient to sustain verdict
although not offered or admitted); Ex parte Reagan, 549 S.W.2d 204, 205 (Tex. Crim. App.
1977) (record supported extradition order where Governor's warrant was neither formally
introduced nor admitted into evidence but was treated by court and parties as if admitted).

 If it be appellant's contention that Campos's oral testimony cannot be considered
without the admission of the physical exhibit, he has not briefed that contention. See Tex. Rule
App. P. 38.1(h).

 We reject appellant's invitation to consider the matter as unassigned error in the
interest of justice. See Carter v. State, 656 S.W.2d 468 (Tex. Crim. App. 1983). The second
point of error is overruled.

 The judgment is affirmed.