In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00229-CR
______________________________


JACKY GLENN SYPERT, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 33362-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Jacky Glenn Sypert appeals his punishment by a jury for the offense of robbery. See Tex.
Pen. Code Ann. § 29.03 (Vernon 2003). The issue Sypert raises in this appeal is identical to that
he presents in Jacky Glenn Sypert v. The State of Texas, cause number 06-05-00228-CR. Since the
arguments presented are identical in each appeal, for the reasons stated in the above styled and
numbered cause, we affirm the trial court's judgment.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          June 27, 2006
Date Decided:             July 11, 2006

Do Not Publish




;   Isaias Gomez was arrested for driving while intoxicated in Houston County, Texas,
November 2, 2003, by Trooper Michael Hutcherson of the Texas Department of Public
Safety. Gomez moved to suppress the results of his breath test on the basis that the
arresting officer failed to comply with the requirements of Tex. Transp. Code Ann.
§ 724.015 (Vernon Supp. 2004–2005). The trial court overruled Gomez' motion to
suppress. Gomez subsequently pled guilty and, pursuant to a plea agreement, was
assessed a punishment of 180 days in jail and a $500.00 fine. Imposition of sentence was
suspended, and Gomez was placed on community supervision for one year. Gomez
appeals, contending the trial court erred in overruling his motion to suppress. We overrule
this contention and affirm the judgment.
          We review a trial court's ruling on a motion to suppress for abuse of discretion. 
Freeman v. State, 62 S.W.3d 883, 886 (Tex. App.—Texarkana 2001, pet. ref'd). "A trial
court abuses its discretion when it acts 'without reference to any guiding rules and
principles' or acts arbitrarily or unreasonably." Rodgers v. State, 111 S.W.3d 236, 243
(Tex. App.—Texarkana 2003, no pet.) (quoting Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990)). At the suppression hearing, the trial court is the sole judge of
witness credibility and determines the weight to be given their testimony. Freeman, 62
S.W.3d at 886. We review the evidence in the light most favorable to the trial court's ruling
and afford great deference to the trial court's determination of historical facts, especially
when that court's decision turns on witness credibility or demeanor. Id. However, we must
review de novo the trial court's application of law to facts. Id. If the trial court's decision
is correct under any theory of law applicable to the case, we shall affirm the trial court's
judgment. Id. 
          Gomez is originally from Guanajuato, Mexico. He has been in the United States for
about fifteen years. Before coming to the United States, Gomez received little formal
education, and he testified at the suppression hearing he had little education after arriving
in the United States. According to him, he speaks a little English, but does not read
English and is able to read Spanish only a little. This consideration is critical to his point
of error on appeal, in which he contends the arresting officer failed to adequately explain
to him that he had the right to refuse to give a breath specimen.


 Because Gomez cannot
read English and cannot read well in Spanish (and thereby could not understand the
written warnings), and because the officer allegedly spoke too quickly for Gomez to
comprehend the oral explanation of the statutory warnings, Gomez contends the warnings
he received were inadequate to provide substantive notice of his right to refuse the taking
of a breath specimen. Therefore, according to Gomez, Hutcherson failed to comply with
the required statutory procedure and Gomez' breath test results should have been
suppressed. 
          Before an officer may ask a person to submit to the taking of a blood or breath
specimen, our law requires the officer to warn that person both orally and in writing that:
(1) if the person refuses to submit to the taking of the specimen, that
refusal may be admissible in a subsequent prosecution;
 
(2) if the person refuses to submit to the taking of the specimen, the
person's license to operate a motor vehicle will be automatically
suspended, whether or not the person is subsequently prosecuted as a
result of the arrest . . . .
 
Tex. Transp. Code Ann. § 724.015. The purpose of this statute is "to ensure that a
suspect's decision to take or refuse a test for alcohol concentration is knowing and
voluntary." Lane v. State, 951 S.W.2d 242, 243 (Tex. App.—Austin 1997, no pet.). With
certain statutory exceptions,


 if the decision to take or refuse is not made knowingly or
voluntarily, the results of any coerced testing will not be admissible against a defendant in
a subsequent prosecution. See Harrison v. State, 144 S.W.3d 82, 87 (Tex. App.—Fort
Worth 2004, pet. filed).
          Hutcherson testified that, following Gomez' arrest, and before asking Gomez to
provide a breath sample, Hutcherson read Gomez the required statutory warnings in
English.


 Hutcherson also provided Gomez with both English and Spanish versions of the
written statutory warnings. According to Hutcherson's testimony, Gomez never indicated
he did not understand what was being read. "He [Gomez] -- after I read it he -- he looked
at the Spanish copy for a few seconds before he consented to give a breath specimen. 
He never indicated that there was going to be too big a problem." Hutcherson also told the
trial court that, while Gomez did not speak English well, and Hutcherson was not himself
fluent in Spanish, the two were able to communicate during the arrest and interview
processes. 
          In Tex. Dep't of Pub. Safety v. Latimer, 939 S.W.2d 240, 242 (Tex. App.—Austin
1997, no writ), the Third Court of Appeals reviewed a case in which the police interviewed
a suspected intoxicated driver while he was at the hospital and "connected to intravenous
tubes and in considerable pain" following an automobile accident. An officer testified at
the administrative suspension hearing he believed Latimer understood "the gist" of their
conversation at the hospital, a conversation that included a reading of the statutory
warnings before requesting the taking of a blood or breath specimen. Id. at 245. After
Latimer refused to provide a specimen, the Department of Public Safety suspended
Latimer's driver's license. Id. at 242. On appeal, the reviewing court wrote that, despite
Latimer's condition at the time he was interviewed by the officer, "[a] reasonable person
could have concluded from the quoted testimony that Latimer refused to submit a
specimen." Id. at 245. The Third Court of Appeals found Latimer's refusal to have been
voluntary; it then affirmed the administrative law judge's order suspending Latimer's driver's
license. Id.
          In this case, Gomez testified he could not understand or comprehend the oral
warnings given by Hutcherson before consenting to give a breath specimen. Hutcherson,
however, told the trial court he thought Gomez did understand because Gomez "never
indicated that there was going to be too big a problem." While it is true the trial court heard
evidence that Gomez spoke and understood little English, during the trial court's own
questioning of Gomez, there was one interchange where Gomez responded—in
English—to the trial court's question before the interpreter had translated the court's
question into Spanish. 
          In denying Gomez' motion to suppress, the trial court noted that, although Gomez'
ability to understand English is not perfect, 
he does have a pretty good understanding of English. He's been living in the
States for 10 years and has been functioning in the United States for at least
10 to 15 years. He also seemed to function well in response to other
questions that were asked to him by the officer and by his responses
indicated he understood the questions, that he wasn't just saying yes or no. 
In other words, he answered them in a way that someone would have to
have comprehension of the question and that he understands as well as he
did; that with a question or two that I asked him from the stand today
indicated that he had a comprehension of English enough to answer the
question, and so the Court's going to deny the Motion to Suppress the
Breath Test Results . . . . 
 
 
          This Court has reviewed the videotape of the officer's reading of the statutory
warnings. The officer's reading of the statutory warnings appears to track the requirements
of Tex. Transp. Code Ann. § 724.015. However, we agree with the trial court that
Hutcherson "could have been a lot clearer and a lot cleaner in [his] approach to reading
the statutory warnings . . . ." Hutcherson provided copies of the warning to Gomez in both
English and Spanish. Before giving audible consent, Gomez looked at the form handed
him by Hutcherson, but asked no questions of the officer regarding the statutory warnings,
expressed no confusion about the oral warnings, and otherwise gave Hutcherson no
indication he did not understand the warnings given. Further, Gomez demonstrated on the
videotape and at the suppression hearing he was capable of understanding certain
questions asked in English and was capable of answering such questions, appropriately,
in English.
          Viewing all the evidence in the light most favorable to the trial court's ruling, we
cannot say the trial court abused its discretion by concluding that Hutcherson had complied
with the requirements of Article 724.015 and that Gomez' consent was knowingly and
voluntarily given. Accordingly, we affirm the trial court's judgment.



                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 4, 2004
Date Decided:         December 1, 2004

Do Not Publish